# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                        )<br>            Plaintiff,                        )<br>                                                        )<br>        v.                                            )     Case No. 07-20150<br>                                                        )<br>ALEXANDER P. COMPTON,          )<br>                                                        )<br>            Defendant.                   )<br>                                                        ) | |

## MEMORANDUM AND ORDER

Alexander P. Compton has filed a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 20). He asserts that the Supreme Court's recent decision in *Chambers v. United States*, 129 S.Ct. 687 (2009), warrants a reduction in his sentence.

In response (doc. 28), the Government asks this court to enforce the plea agreement Mr. Compton signed, which included a waiver of Mr. Compton's right to challenge his sentence on direct appeal or collateral attack.

In his reply (doc. 31), Mr. Compton correctly notes that the waiver excludes claims made pursuant to *United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001), that counsel was ineffective in negotiating the waiver contained in the plea agreement. Mr. Compton's attorney, an Assistant Federal Public Defender, asserts that he cannot ethically raise that claim himself because the attorney who negotiated the plea agreement

is also a member of the Federal Public Defender office. He therefore asks permission to withdraw from the case.

The first mention of a possible ineffective assistance claim is in Mr. Compton's reply. Arguments raised for the first time in a reply brief are waived. *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000). However, the court will construe Mr. Compton's reply as a request to amend his § 2255 petition to include a claim pursuant to *Cockerham* that his attorney was ineffective in negotiating the waiver in the plea agreement. *See, e.g.*, *United States v. Ohiri*, 2005 WL 1332269, at *4 ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."). The court will grant that request and will allow additional time for Mr. Compton to submit a memorandum fully explaining that argument.

Additionally, the court will grant Mr. Compton's attorney's request to withdraw. Mr. Compton, however, is not entitled to a new appointed attorney at this procedural juncture. *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008).

**IT IS THEREFORE ORDERED BY THE COURT** that the motion to withdraw (doc. 31) is granted. Mr. Compton's attorney is permitted to withdraw from the case.

**IT IS FURTHER ORDERED** that defendant's reply (doc. 30) is construed as a request to amend his § 2255 petition. That request is granted. Mr. Compton has until

2

September 14, 2009 to file a supplemental memorandum in support of his § 2255 petition. The Government has until October 14, 2009 to respond. Mr. Compton has until November 13, 2009 to file a reply.

**IT IS SO ORDERED** this 14th day of August, 2009.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
