# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 07-20150 |
| ) | 09-2192 |
| ALEXANDER P. COMPTON, ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

In December 2007, Alexander P. Compton pled guilty to one count of being a felon in possession of a firearm. He received a 77-month prison sentence.

In calculating a recommended sentence, the Presentence Investigation Report (PSIR) determined Mr. Compton's Base Offense Level to be 24 because the crime of conviction was committed subsequent to "at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2). The underlying "crime of violence" on which the PSIR relied was a 1992 conviction under Colorado law for escape from custody.

At the time of Mr. Compton's sentencing in April 2008, Tenth Circuit jurisprudence provided that escape convictions were crimes of violence. In 2009, however, the Supreme Court decided *Chambers v. United States*, 129 S. Ct. 687 (2009), holding that convictions for "walk away" escapes from unsecured facilities are not

crimes of violence. Based on this decision, Mr. Compton has filed a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 20). He asserts that *Chambers* warrants a reduction in his sentence. In response (doc. 28), the Government asks this court to enforce the plea agreement Mr. Compton signed, which included a waiver of Mr. Compton's right to challenge his sentence on direct appeal or collateral attack.

In his reply (doc. 31), Mr. Compton noted that the waiver excluded claims made pursuant to *United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001), that counsel was ineffective in negotiating the waiver contained in the plea agreement. Mr. Compton's attorney, an Assistant Federal Public Defender, however, sought permission to withdraw from the case at that time. He asserted that he could not ethically raise an ineffective assistance claim himself because the attorney who negotiated the plea agreement was also a member of the Federal Public Defender office. The court granted the attorney's request (doc. 33), and allowed Mr. Compton the opportunity to supplement his § 2255 memo. He did so (doc. 38), the Government filed a supplemental response (doc. 39), and Mr. Compton filed an additional reply (doc. 40).

Those filings are now before the court for disposition. For the reasons discussed below, Mr. Compton's § 2255 petition is dismissed.

## DISCUSSION

The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004);

*United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Thus, a knowing and voluntary waiver of § 2255 rights in a plea agreement is generally enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived the rights, and (3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

**1.    Scope of the Waiver**

In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The provision in the plea agreement by which Mr. Compton waived his right to challenge his sentence through collateral attack states as follows:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation or supervised release). The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir.

> 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro. 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

The plea agreement is construed "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant. *Hahn*, 359 F.3d at 1343.

Bearing these principles in mind, Mr. Compton clearly waived the right to challenge the calculation of his Base Offense Level and the total sentence imposed. Those claims fall within the scope of the waiver Mr. Compton signed.

**2.   Knowing and Voluntary**

In assessing the voluntariness of a defendant's waiver, the court looks primarily to two factors–whether the language of the plea agreement states that the defendant entered the plea agreement knowingly and voluntarily and whether there was an adequate Rule 11 colloquy. *See United States v. Smith*, 500 F.3d 1206, 1210-11 (10th Cir. 2007).

Both conditions are satisfied here. Paragraph 11 of Mr. Compton's plea agreement expressly states that he "knowingly and voluntarily waives any right to appeal

4

or collaterally attack any matter in connection with this prosecution, conviction and sentence." *See United States v. Leon*, 476 F.3d 829, 834 (10th Cir. 2007) (concluding that a defendant did not meet the burden of showing that the waiver was unknowing and involuntary in part because plea agreement contained broad waiver that defendant "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence").

In addition, the court, during its Rule 11 colloquy with Mr. Compton, specifically discussed that he had waived his right to challenge his sentence through a § 2255 motion. Mr. Compton assured the court that he understood the nature of § 2255 claims, that he understood that he had waived his right to assert such claims, and that he was entirely willing to do so. *See id.* (finding that defendant did not meet the burden of showing that the waiver was unknowing and involuntary in part because defendant testified at the plea colloquy that he was competently, knowingly, freely and voluntarily entering his plea and waiving his constitutional rights, including his right to appeal) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court [affirming a plea agreement] carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.")).

### 3. Miscarriage of Justice

Enforcing a waiver results in a miscarriage of justice only if (1) the district court relied on an impermissible factor such as race, (2) the defendant received ineffective

5

assistance of counsel in conjunction with the negotiation of the waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327.

Here, Mr. Compton makes no suggestion that the court relied on an impermissible factor such as race, that his sentence exceeds the statutory maximum, or that the waiver is otherwise unlawful. He does, however, argue that his attorney was ineffective in the context of a knowing and voluntary plea agreement, a situation expressly excluded from the waiver executed by him. *See Cockerham*, 237 F.3d at 1187 (concluding that a defendant cannot waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver).

Specifically, Mr. Compton contends that his attorney should have exempted from the waiver a *Chambers*-like argument that his prior escape conviction should not be counted as a crime of violence. In support of this claim, Mr. Compton identifies two events that should have put his attorney on notice of a possible *Chambers* argument. First, the Supreme Court issued its opinion in *Begay v. United States*, 553 U.S. 137 (2008), which held that driving under the influence of alcohol is not a "violent felony" for purposes of the Armed Career Criminal Act. And second, the Supreme Court granted certiorari in *Chambers*. Based on these two events, Mr. Compton maintains that his attorney should have negotiated a plea waiver that specifically excluded an argument based on *Chambers*.

6

The constitutional right to effective assistance of counsel is defined in *Strickland v. Washington*, 466 U.S. 668 (1984). To obtain habeas relief, a petitioner must establish both that his attorney's representation was deficient, measured against an objective standard of reasonableness, and that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, thereby constituting prejudice to the petitioner. *See id.* at 687, 688, 694.

Mr. Compton cannot establish that his counsel's performance in negotiating the plea agreement was constitutionally deficient. First, Mr. Compton's dates are a bit off. His sentencing hearing was held on April 14, 2008, at which point the court announced the 77-month sentence. Judgment was officially entered in Mr. Compton's case on April 16, 2008. The *Begay* decision was handed down on April 16, 2008, and cert was granted in *Chambers* on April 21, 2008. So Mr. Compton's attorney would likely not have been aware of either of those events at the time of his sentencing, and certainly not in December 2007, at the time the plea agreement was being negotiated.

More importantly, however, counsel's failure to predict a future change in the law is not grounds for an ineffective assistance claim. *United States v. Gonzalez-Lerma*, 71 F.3d 1537, 1542 (10th Cir. 1995) ("Counsel's assistance is not ineffective simply because counsel fails to base its decisions on laws that might be passed in the future."); *see also Bullock v. Carver*, 297 F.3d 1036, 1052 (10th Cir. 2002).

Without some finding that Mr. Compton's attorney's performance was constitutionally deficient, the court cannot find that enforcing the waiver would be a

7

miscarriage of justice.

**4.      Conclusion**

Having concluded that the waiver contained in Mr. Compton's plea agreement was knowing and voluntary and that enforcing it will not result in a miscarriage of justice, the court grants the government's request to enforce the waiver and dismisses Mr. Compton's § 2255 petition.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Compton's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 20) is dismissed.

**IT IS SO ORDERED** this 3rd day of February, 2010.

                                                    s/ John W. Lungstrum
                                                    John W. Lungstrum
                                                    United States District Judge